UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YR Union LLC, *Plaintiff*, v. Tushbaby, Inc., *Defendant*. | **CASE NO.** 24-10276 **Jury Demand** |

# COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff YR Union LLC ("Plaintiff" or "YR Union"), against Defendant Tushbaby, Inc ("Defendant" or "Tushbaby"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, and Federal Rule of Civil Procedure 57, that Plaintiff has not infringed any alleged right of Defendant's trade dress U.S. Registration No. 7,489,071 (the "Tushbaby Trade Dress" or "071 Registration"), directly, contributorily, or vicariously, and the Tushbaby Trade Dress is invalid.

2. A case or controversy exists under the Federal Declaratory Judgment Act because Defendant has submitted an infringement complaint against Plaintiff's Baby Hip Seat Carrier products ("Accused Product") to Amazon causing Plaintiff's listing was delisted by Amazon.

///

1

## THE PARTIES

3. Plaintiff, YR Union LLC, is a Limited Liability Company located at 2310 PARKLAKE DR NE STE 477, UNIT G21, ATLANTA, GA 30345.

4. Upon information and belief, Defendant Tushbaby, Inc is a corporation incorporated under the laws of California with its principal address at 1990 N. California Blvd, 8th Floor, Walnut Creek, CA 94596.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Trademark Law of the United States.

6. An actual case or controversy exists between the parties to this action. Defendant has submitted an infringement complaint against Plaintiff to Amazon causing Plaintiff's listing was delisted by Amazon. The Circumstances show that there is a substantial controversy between Plaintiff and Defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store and their own website <https:/www.tushbaby.com/>. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce and has wrongfully accused Plaintiff of infringement in the United States, including Illinois.

Defendant's act has caused and continues to cause significant harm to Plaintiff's business and also impact Plaintiff's sales in this District.

## FACTTUAL BACKGROUND

8. Plaintiff sells the baby hip seat carrier, baby bottle warmer and many other kinds of products on Amazon, using the storefront name YR Union.

9. Plaintiff's products are popular and well-established on Amazon platform. Plaintiff has earned a rating of 4.9 out of 5 stars in the last twelve months.

10. Upon information and belief, Defendant is in the business of selling the baby hip seat carrier products.

11. On October 12, 2024, Plaintiff received a notification from Amazon. *See* Exhibit A. This notification informed Plaintiff that the Accused Product (ASIN: B0C5RGTHJ2) is at risk of being removed due to a violation of Amazon's policies, because Amazon received an infringement complaint from Defendant for the Tushbaby Trade Dress. *Id*.

12. The Accused Product has already been removed by Amazon without any further notice.

13. The Tushbaby Trade Dress was registered on August 27, 2024. *See* Exhibit B. The certificate of the alleged Tushbaby Trade Dress shows the mark consists of a three-dimensional configuration of a pocket and a flap, as shown below.



3

14. However, the Accused Product is dissimilar to Tushbaby Trade Dress and is implausible to cause any confusion to consumers.

15. Defendant's acts as set forth herein were willful, deliberate, and intentional and were intended to damage Plaintiff and its business and to stifle competition.

16. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Accused Product, Plaintiff needs its products listed in the Amazon marketplace. Amazon has removed the Accused Product from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Defendant's infringement complaint. Thus, Defendant's submission of Amazon infringement complaint has caused and continues to cause immediate and irreparable harm to Plaintiff.

17. Moreover, Amazon might also entirely suspend Plaintiff's Amazon seller account and dispose Plaintiff's inventory without any notice, which would destroy Plaintiff's business and deprive Plaintiff of the right to sell many other non-accused products to United States customers. *See* Exhibit A.

18. Defendant's acts as set forth herein have caused, and unless restrained by the Court, will continue to cause sales of the Accused Product to be lost and/or diverted to Defendant.

19. Upon information and belief, Defendant is thereby unjustly enriching itself at the expense of, and to the damage and injury of Plaintiff in an amount to be determined at trial, including but not limited to lost sales of its Accused Products. Furthermore, Defendant has irreparably harmed Plaintiff and caused Plaintiff to suffer a substantial loss of goodwill and reputation, and such harm will continue unless Defendant is enjoined by this Court.

///

///

**COUNT I**
**(Declaration of Non-infringement of U.S. Registration No. 7,489,071)**

20. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. This claim arises from an actual and justiciable controversy between the parties regarding whether Plaintiff's selling of its Accused Product infringes on the Tushbaby Trade Dress.

22. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy from which Defendant's accusations have precipitated, Plaintiff is entitled to declaratory judgment that it does not infringe the Tushbaby Trade Dress.

23. Plaintiff's Baby Hip Seat Carrier Products and the Tushbaby Trade Dress are completely different. First, the product label on the Plaintiff's Baby Hip Seat Carrier Product is located on the pocket, unlike the Tushbaby Trade Dress, which is on the flap, and Plaintiff displays its own distinguished trademark on its products. The contours of Plaintiff's Baby Hip Seat Carrier Products are also different: the front pocket of Plaintiff's Baby Hip Seat Carrier Products has a completely flat arch at the bottom, while the flap of the Tushbaby Trade Dress is noticeably wider than the pocket below, and the bottom of the pocket also has a distinct curve. Additionally, Plaintiff's Baby Hip Seat Carrier Products feature an arched zipper outlining the pocket, whereas the Tushbaby Trade Dress does not include a zipper.



24. Thus, there cannot be any likelihood of confusion between the Accused Product and the Tushbaby Trade Dress.

25. Therefore, Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not infringed the Tushbaby Trade Dress, or otherwise create any likelihood of confusion under the Lanham Act, 15 U.S.C. §§ 1114-1118 and 1125 and at common law.

## COUNT II
**(Declaration of Invalidity and Order of Cancellation of U.S. Registration No. 7,489,071)**

26. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

27. This claim arises from an actual and justiciable controversy between the parties regarding whether the Tushbaby Trade Dress is valid and should be cancelled.

28. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy from which Defendant's accusations have precipitated, Plaintiff is entitled to declaratory judgment that the Tushbaby Trade Dress is invalid and should be cancelled.

29. In fact, the purported Tushbaby Trade Dress is not a "trademark" within the meaning of 15 U.S.C. § 1127. That is, the purported Tushbaby Trade Dress does not function as a source identifier for baby hip seat carrier products.

30. The purported Tushbaby Trade Dress depicted and described in the 071Registration is not a "symbol" or a "device" used "on" or "in connection with" "goods" within the meaning of 15 U.S.C. § 1125(a)(1), but rather each consists of a feature of "goods" sold by Defendant.

**Functionality**

31. It is well-recognized in the Seventh Circuit that an alleged trade dress is functional where "[a]ll of the claimed features are functional" and "none was added to produce a distinctive

6

appearance that would help consumers identify the product's source." *Specialized Seating, Inc. v. Greenwich Indus.*, LP, 616 F.3d 722, 728 (7th Cir. 2010).

32. The shape of the Tushbaby Trade Dress depicted and described in the 071 Registration is functional in that (a) it is purely functional to provide additional storage space; (b) its shape, size and thickness are more or less shaped in order to be suitable for front design of the product; (c) its positioning and size of the baby hip seat carrier product is within narrow parameters for compatibility with the product to provide maximum storage space.

33. These functional specifications are required for providing the baby hip seat carrier product with more storage space, and for this reason, these functional aspects also greatly affect the cost and quality of the products in question.

34. The purported Tushbaby Trade Dress consists of patentable features.

35. Many competitors of Defendant around the world manufacture and sell baby hip seat carrier products that are in the shape of the front pocket depicted and described in the Tushbaby Trade Dress.

36. Upon information and belief, Defendant's marketing materials also contain statements that emphasize the utilitarian benefits of pocket.

37. Thus, the Tushbaby Tradre Dress is invalid for functional and should be cancelled.

**Lack of Secondary Meaning**

38. Product design trade dress could never be inherently distinctive and always required proof of secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 212 (2000). The Tushbaby Trade Dress claims for a product design consists of a three-dimensional configuration of a pocket and a flap, must prove the secondary meaning.

7

39. "A mark acquires secondary meaning when it has been used so long and so exclusively by one company in association with its products . . . in that particular industry that the [mark] has come to mean that those products . . . are the company's trademark." *Box Acquisitions, LLC v. Box Packaging Prods., LLC*, 32 F. Supp. 3d 927, 935 (N.D. Ill. 2014).

40. Even Defendant has acquired a certificate of registration for the Tushbaby Tradre Dress, the documents submitted to the Patent and Trademark Office ("PTO") by Defendant are far from established the secondary meaning. Further, none of the documents shows the Defendant direct the potential consumer to look for the certain feature, which is the pocket and slap here, to know that it is from that source. Defendant also did not provide any consumer studies to show the alleged Tushbaby Tradre Dress has acquired secondary meaning.

41. As contended by Defendant, it just sold the baby hip seat carrier for six years (from 2018-2024). It is not sufficient to establish secondary meaning.

42. Upon information and belief, Defendant has never had any "look for" advertising for its Tushbaby Tradre Dress and there is no evidence can indicate that consumers associate the asserted Tushbaby Tradre Dress with a particular source.

43. Upon information and belief, the design claimed in the Tushbaby Tradre Dress is merely a common product configuration. There are many third parties using the similar design for the pockets.

44. Thus, the Tushbaby Tradre Dress is invalid and should be cancelled for lacking secondary meaning.

**Fraud**

45. Defendant obtained the registered Tushbaby Tradre Dress fraudulently, through knowing misrepresentations to the PTO, with intent to deceive.

46. During the prosecution of the Tushbaby Tradre Dress, Defendant alleged that the Tushbaby Tradre Dress design is not functional. However, as stated herein above, the Tushbaby Tradre Dress design is functional.

47. Defendant also alleged that there are alternative product designs to competitors, which is also knowingly false. Due to the functional specifications required for additional front pocket and storage space, there are no economically feasible alternative designs available for the pocket design.

48. None of the alleged alternative product designs has double front pockets to provide additional storage space. Thus, the Tushbaby Tradre Dress should be cancelled.

49. Plaintiff is and has been damaged in its business by Defendant's acts.

50. An actual controversy exists between Plaintiff and Defendant regarding whether the Tushbaby Tradre Dress, is protectable as a trademark under the Lanham Act or under common law.

51. Plaintiff is entitled to a declaration judgment that the Tushbaby Tradre Dress is invalid under Lanham Act and common law, and an order of cancellation of the Tushbaby Tradre Dress, for reason of any one of the above reasons as outlined by the Lanham Act.

## COUNT III
**(Unfair Competition)**

52. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

53. Defendant's unlawful acts as set forth above constitute violations of the common law of the State of Illinois with respect to unfair competition.

54. As set forth above, Defendant obtained the registered Tushbaby Tradre Dress fraudulently, through knowing misrepresentations to the PTO, with intent to deceive.

55. Upon information and belief, Defendant also intentionally, unjustifiably, and maliciously stating to customers, prospective customers and suppliers that its baby hip seat carrier product has protectable trade dress, and Plaintiff's products infringed that purported trade dress.

56. Defendant's acts as set forth above were willful, deliberate, and intentional and were intended to damage Plaintiff and its business and to stifle competition.

57. Defendant's unlawful acts have caused and continue to cause irreparable harm to Plaintiff's business and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that the importation, manufacturing, marketing, distribution, sale, and/or any other form of commercial use of the Baby Hip Seat Carrier Products do not infringe the Tushbaby Tradre Dress U.S. Registration No. 7,489,071;

B. Declaring that the Tushbaby Tradre Dress U.S. Registration No. 7,489,071, is invalid;

C. Ordering cancellation of the U.S. Registration No. 7,489,071;

D. Awarding Plaintiff recovers its costs and reasonable attorneys' fees incurred in this action from Defendant;

E. Awarding Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding pre- and post- judgment interest; and

G. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

| Date: October 15, 2024 | /s/ Wei Wang |
|---|---|
| | Wei Wang, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>wei.wang@glacier.law<br>212-729-5073<br><br>Tao Liu, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010<br>Tao.liu@glacier.law<br>***Attorney for Plaintiff*** |