**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YR Union LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>Tushbaby, Inc.,<br><br>*Defendant*. | **CASE NO.** 24-10276 |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Plaintiffs, YR Union LLC ("Plaintiff") together with Defendant Tushbaby, Inc ("Defendant," together with Plaintiffs, the "Parties"), submit this joint initial status report pursuant to the Fed. R. Civ. P. 26 as the following:

I.    **The Nature of the Case:**

   A.    **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

   **Response by Plaintiff, YR Union LLC:**

   Tao Liu, Lead Trial Attorney
   (212) 729-5036, tao.liu@glacier.law
   GLACIER LAW LLP
   41 Madison Avenue, Suite 2529
   New York, NY 10010

   Wei Wang,
   (212) 729-5073, wei.wang@glacier.law
   41 Madison Avenue, Suite 2529
   New York, NY 10010

   **Response by Defendant Tushbaby, Inc:**

   Allison Corder
   (847) 508-2554, allison@redrocip.com
   REDROC IP LLC

150 S. Wacker, Suite 1650
Chicago, IL 60606

Leo Lichtman, Lead Trial Attorney
(347) 745-2535, leo@esca.legal
ESCA LEGAL LLC
1177 6th Ave., 5th Floor
New York, NY 10036

James Slater
(305) 523-9023
1177 6th Ave., 5th Floor
New York, NY 10036

**B.** **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiff asserted declaratory judgment of invalidity and order of cancellation of Defendant's registered trade dress, U.S. Registration No. 7,489,071 ("Tushbaby Trade Dress"), declaratory judgment of non-infringement of the Tushbaby Trade Dress, and tortious interference with contractual relations against Defendant.

There are no counterclaims and/or third-party claims asserted at this time.

**C.** **Briefly identify the major legal and factual issues in the case.**

The major legal and factual issues are: (1) whether the Tushbaby Trade Dress is invalid and should be cancelled for generic; (2) whether the Tushbaby Trade Dress is invalid and should be cancelled for functionality; (3) whether the Tushbaby Trade Dress is invalid and should be cancelled for lacking secondary meaning; (4) whether Plaintiff's baby carrier products infringe the Tushbaby Trade Dress; (5) whether Defendant intentionally and knowingly caused Amazon and/or Plaintiff breach of the contract between Amazon and Plaintiff, and caused damages to Plaintiff; (6) whether the Court has subject matter jurisdiction over Plaintiff's claims for declaratory relief; (7) whether Plaintiff has stated claims; (8) whether a contract exists between Plaintiff and Amazon; (8) whether, assuming there is a contractual relationship between Plaintiff and Amazon, Defendant's acts were privileged or protected.

**D.** **State the relief sought by any of the parties.**

**Response by Plaintiff, YR Union LLC:**

Plaintiff seeks declaratory judgment that the Tushbaby Trade Dress is invalid and should be cancelled, Plaintiff's baby carrier products do not infringe the Tushbaby Trade Dress. Plaintiff also seek an award of damages due to Defendants' improper acts, costs, attorneys' fees and other relief as this Court deems is just and proper.

2

Defendant seeks dismissal of Plaintiff's claims.

II.     **Jurisdiction:** Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

    A.     **Identify all federal statutes on which federal question jurisdiction is based.**

Plaintiff asserts this Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Trademark Law of the United States. Defendant asserts that the Court lacks subject matter jurisdiction.

No claim is this action is based upon diversity.

III.    **Status of Service:** Defendant has been served.

IV.     **Motions:**

    A.     **Briefly describe any pending motions.**

No motion is pending.

    B.     **State whether the defendant(s) anticipate responding to the complaint by filing an answer or by means of a motion.**

Defendant anticipates filing a motion to dismiss the operative amended complaint.

V.      **Case Plan:**

    A.     Submit a proposal for a discovery plan, including the following information[1]:

        1.     The general type of discovery needed: oral and written discovery

        2.     A date for Rule 26(a)(1) disclosures: January 29, 2025

        3.     Deadline to amend pleadings and join parties: February 19, 2025

        4.     A date to issue first-set of written discovery requests: February 19, 2025

        5.     A date to issue notices of depositions with agreed upon dates and Rule 45 subpoenas: June 9, 2025

        6.     A fact discovery completion date. For claims involving medical conditions, fact discovery ordinarily includes treating physician depositions: September 8, 2025

---

[1] For patent cases, the proposed schedule should follow the schedule set forth in the Local Patent Rules.

7. Whether the parties anticipate expert discovery. If there will be expert discovery, an expert discovery schedule will be set at a later time: the Parties anticipate expert discovery.

B. If the parties require a protective order entered by the court during discovery, they shall follow the assigned magistrate judge's procedures. See also the Model Confidentiality Order developed by the Northern District of Illinois.

C. State whether the parties anticipate discovery of ESI in this case.

At this time the Parties are unsure whether there will be discovery of ESI in this case and will continue to discuss the same as discovery proceeds.

D. With respect to trial, indicate the following:

1. Whether a jury trial is requested: Plaintiff requested for a jury trial.

2. The probable length of trial: 3-5 days.

## VI. Consent and Settlement Discussions:

A. The court strongly encourages the parties to consider consenting to the jurisdiction of the assigned Magistrate Judge. Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge and state whether all parties unanimously consent to do so.

Counsel have advised their clients that they may proceed before a Magistrate Judge. The parties do not unanimously consent to do so.

B. Describe the status of any settlement discussions conducted to date (without including the particulars of any demands or offers that have been made) and advise whether the parties mutually request a settlement conference at this time.

The Parties have not engaged in any settlement discussions to date, but will discuss the possibilities of settlement as the case develop.

## VII. Other Matters: The parties do not intend to bring any other matters to the Court's attention for scheduling purposes.

*[Signature Blocks to Follow]*

Respectfully Submitted:

Date: 1/6/2025              /s/ Wei Wang

Wei Wang
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073
Attorney for Plaintiff

Respectfully Submitted:

Date: 1/6/2025              /s/ Leo M. Lichtman

Leo M. Lichtman
ESCA LEGAL LLC
1177 6th Ave., 5th Floor
New York, NY 10036
leo@esca.legal
(347) 745-2535
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Dated: January 6, 2025                                              */s/Wei Wang*