UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YR Union LLC, | |
| Plaintiff, | Case No. 1:24-cv-10276 |
| v. | Judge Sunil R. Harjani |
| Tushbaby, Inc., | Magistrate Judge Keri L. Holleb Hotaling |
| Defendant. | |

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rules 12(b)(1), 12(b)(6) and Local Rule 7.1, Defendant Tushbaby, Inc. moves to dismiss Plaintiff YR Union LLC's First Amended Complaint ("FAC"). [ECF No. 21]. For the reasons stated in the incorporated memorandum of law, Tushbaby requests that the Court dismiss the Complaint in its entirety.

**I.     BACKGROUND**

Tushbaby is the owner and registrant of U.S. Registration No. 7,489,071, its distinctive trade dress, which was registered with the U.S. Patent and Trademark Office ("PTO") in Class 18 for "Pouch baby carriers; baby carriers worn on the body; baby carriers worn on the hip with storage for carrying babies' and parents' accessories" on August 27, 2024 (the "Tushbaby Trade Dress"). [ECF No. 1-2]; FAC ¶ 13. According to the trademark registration, the mark consists of "a three-dimensional configuration of a pocket and a flap." [ECF No. 1-2]; FAC ¶ 13. As explained below, however, consideration of the trade dress encompasses more than just the pocket and flap for which Tushbaby obtained a trademark registration.

YR Union seeks declaratory relief and damages for tortious interference with a contract. *See generally* FAC. Specifically, it seeks a declaration that the Tushbaby Trade Dress is invalid and should be cancelled by the PTO (Count I), a declaration that it has not infringed the Tushbaby Trade Dress (Count II), and relief under Illinois common law for tortious interference with a contract (Count III).[1] *See id.* YR Union asserts there is a proper "case or controversy" because a hip carrier its sells was delisted by Amazon in response to a notice from Tushbaby to Amazon. *See id.* at ¶¶ 16–17.

As explained below, the Court should dismiss Count I because the Court lacks subject matter jurisdiction and Counts II and III for failure to state a claim. Separately, the entire FAC should be dismissed as a shotgun pleading.

### II. MEMORANDUM OF LAW

#### A. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the Court's authority to hear a claim, whether for lack of statutory subject-matter jurisdiction or for lack of a justiciable Article III case or controversy. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). "This defense can take the form of a facial or a factual attack on the [nonmoving party's] allegations." *Id.* A facial attack asks whether the nonmoving party has "sufficiently '*alleged* a basis of subject matter jurisdiction,'" with all well-pleaded allegations accepted as true and all reasonable inferences drawn in their favor. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (emphasis in original) (quoting *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)). A factual attack asks whether, even if these allegations are "facially sufficient, external

---

[1] The original complaint sought damages for Illinois unfair competition. That claim was dismissed by operation of amendment and now YR Union instead seeks damages for alleged tortious interference with a purported contract with Amazon.

facts call[ ] the court's jurisdiction into question." *Apex Digit.*, 572 F.3d at 444. The party invoking federal jurisdiction over a claim (here, YR Union) bears the burden to prove that jurisdiction exists. *Id.* at 443.

Separately, for attacks under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering dismissal of a complaint under this rule, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences for the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). A court, however, "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (internal quotations marks omitted) (citation omitted).

When a motion to dismiss is brought under both Rule 12(b)(1) and Rule 12(b)(6), the Court must address jurisdiction before turning to the merits. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013).

**B. YR Union Fails to Demonstrate Subject Matter Jurisdiction for Cancellation and Invalidity in Count I of the FAC.**

YR Union's invalidity and cancellation claim cannot exist without antecedent infringement claims and therefore must be dismissed for lack of subject matter jurisdiction.

A declaratory judgment action requires an actual "case or controversy." *See MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (explaining that "the phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III") (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227 (1937)).

An actual controversy exists if given the facts alleged " 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)). In the cancellation context, while district courts may cancel trademarks, they do not have an "independent basis for federal jurisdiction" for trademark cancellation. *RLP Ventures, LLC v. All Hands Instruction NFP*, 2020 WL 1330376, at *5 (N.D. Ill. Mar. 23, 2020) (collecting cases).

Where, as here, there is no underlying infringement lawsuit (instead, a mere notice to Amazon regarding infringement), YR Union's declaratory judgment action for cancellation and invalidity fails to satisfy Article III's case or controversy requirement—"the Lanham Act only specifies that cancellation cannot be sought if there is not already an ongoing action involving a registered mark." *RLP Ventures*, 2020 WL 1330376, at *5 (citing 15 U.S.C. § 1119); *see also CIBER, Inc. v. CIBER Consulting, Inc.*, 326 F. Supp. 2d 886, 889 (N.D. Ill. 2004) (dismissing cancellation claims because there was "no justiciable case or controversy" without accompanying infringement claims). Accordingly, Count I for a declaration of invalidity and cancellation should be dismissed for lack of subject matter jurisdiction.

**C. YR Union Fails to Demonstrate a Claim for Non-infringement.**

After stripping out bare conclusions,[2] *see McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001), the crux of YR Union's Count II for non-infringement is that its[3] product

---

[2] YR Union also alleges in conclusory fashion that the products are "commonly used in the market," *see* FAC ¶¶ 26, 54, the mark is weak, *id.* at ¶ 53, Tushbaby acted in bad faith, *id.* at ¶ 55, and the products are specifically designed for parents, who pay more attention to details, *id.* at ¶ 56. The Court need not accept these conclusory assertions, unsupported by any factual allegation. *See Alam*, 709 F.3d at 666. To the extent YR Union asks the Court to piece together expert reports and opinion evidence from another case, that is inappropriate at the pleadings stage. *See Richardet v. Murdale True Value, Inc.,* 2008 WL 4671498, at *4 (S.D. Ill. Oct. 22, 2008).

[3] In paragraph 55 of the FAC, YR Union asserts it displays its "own distinguished trademark on its products." But that is not so. Although YR Union asserts it "list[ed]" the hip carrier product at issue, *see*

4

does not infringe because of some allegedly minor visual differences, seemingly asking the court to juxtapose the Tushbaby Trade Dress registration drawing with a screenshot of its own product. FAC ¶¶ 55–56. But even taken as true, such allegations cannot support a finding of non-infringement. This is because trade dress infringement is not compared or evaluated simply by looking at two designs side-by-side and asking the fact-finder to spot the differences. To the contrary, the Seventh Circuit employs a multifactor test of which the similarity of the marks is merely one factor.[4]

YR Union's comparison is flawed because courts consider "what happens in the marketplace, not merely by looking at the two marks side-by-side." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). Indeed, confusion in the marketplace "takes various forms, including 'initial interest' confusion, 'source' or 'associational' confusion, and 'post-sale confusion.'" *Wolf Appliance, Inc. v. Viking Range Corp.*, 686 F. Supp. 2d 878, 889 (W.D. Wis. 2010). For example, associational confusion occurs when the similarity of the trade dress leads consumers to believe there is an association between the two products, *see Comput. Care v. Service Sys. Enterprises, Inc.*, 982 F.2d 1063, 1070 (7th Cir.1992); initial interest confusion occurs when a customer is lured to a product by the similarity of the mark even if the customer learns the true

---

FAC ¶ 6, the product bears name "Grownsy." Indeed, Grownsy previously sued Tushbaby for similar claims in this district, in which it asserted ownership of the products under its GROWNSY trademark. *See Grownsy, LLC v. Tushbaby, Inc.*, No. 1:24-cv-08278, at ECF No. 1 ¶¶ 8, 9, 22–24, attached as **Exhibit A**. To the extent YR Union asserts that the accused product is *its* product, that claim appears to be demonstrably controverted. Tushbaby asks the Court to take judicial notice of the complaint attached as Exhibit A for the fact that Grownsy LLC filed a lawsuit against Tushbaby in which it claimed the product as its own. *See Sanchez v. Walmart Inc.*, 2024 WL 2132426, at *1 (N.D. Ill. May 13, 2024) (quoting *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002)). Accordingly, YR Union cannot allege to be the senior user of the trade dress, as it puts forward no allegations as to its ability to use or enforce the mark, other than its listing of Grownsy products on its Amazon account.

[4] The other factors are the similarity of the products; the area and manner of concurrent use; the degree of care consumers are likely to use; the strength of plaintiff's mark; actual consumer confusion; and the defendant's intent to 'palm off' its product as that of another. *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015).

source of the goods before sale, *see Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 812 (7th Cir. 2002); and post-sale confusion occurs "when the actual purchaser knows that the item originates with the infringer rather than the owner, but subsequent observers likely will confuse the source of the goods due to the confusing similarities." *Sara Lee Corp. v. Am. Leather Prods.*, 1998 WL 433764, at *17 (N.D. Ill. July 27, 1998) (citing *Academy of Mot. Pic. Arts and Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1455 (9th Cir. 1991)); MCCARTHY ON TRADEMARKS, § 23.01[4][c] (noting that post-sale confusion is actionable because a senior user is damaged by consumers acquiring the prestige value of the senior user's product by "buying the copier's cheap imitation"). Because YR Union does not identify the relevant marketplaces, or even allege how any other factor favors it—other than through conclusory assertions—YR Union fails to state a claim.

**D. YR Union Fails to State a Claim for Tortious Interference with a Contract.**

To plausibly allege a claim for tortious interference with a contract, a plaintiff must allege (1) the existence of a contract; (2) knowledge of the contract on the part of the interferer; (3) an intentional and malicious interference inducing or causing a breach or termination of contract; and (4) resultant damage to the party whose relationship has been disrupted. *Franklin Cash Reg., Inc. v. Dealzzz*, 2024 WL 2051981, at *6 (N.D. Ill. May 8, 2024) (citing Illinois cases); *see also Webb v. Frawley*, 906 F.3d 569, 577 (7th Cir. 2018) (separating the third element into two parts).

To meet these requirements, the plaintiff must show that there was either "breach of contract, termination of the contractual relations, or rendering performance impossible." *Sols. Team, Inc. v. Oak St. Health, MSO, LLC,* 2018 WL 11432145, at *12 n.7 (N.D. Ill. Mar. 5, 2018) (quoting *George A. Fuller Co., a Div. of Northrop Corp. v. Chicago Coll. of Osteopathic Med.*, 719 F.2d 1326, 1331 (7th Cir. 1983)). Here, YR Union's state-law claim fails for three simple

6

reasons.

First, YR Union has failed to plausibly allege any contract. YR Union asserts that it sold the Grownsy product on its Amazon store, which Amazon delisted as a result of Tushbaby's infringement notice. *See* FAC ¶¶ 8–12. Resultingly, YR Union allegedly risks losing its Amazon storefront. *Id.* at ¶¶ 16–17. Critically, YR Union offers no allegation as to the relationship between it and Amazon, let alone any contract. It merely alleges in cursory fashion that its storefront could be suspended.[5] By merely stating that certain policies may affect its storefront, and no understanding of YR Union's arrangement with Amazon, if any, YR Union has not plausibly alleged a contract. *See Strabala v. Zhang*, 318 F.R.D. 81, 113 n.35 (N.D. Ill. 2016) (stating that plaintiff's "vague references to unidentified contracts do not put Defendants on notice of the basis for his claim; he must identify specific contracts that were breached"); *see also MercAsia USA Ltd. v. 3BTech, Inc.*, 2020 WL 3549894, at *4 (N.D. Ind. June 30, 2020) ("Notably, 3BTech fails to cite any specific contractual term or policy that Amazon violated," citing *United States v. Collins*, 796 F.3d 829, 836 (7th Cir. 2015) ("The parties—not the courts—must research and construct available legal arguments.").

Second, even if YR Union had alleged a contract with Amazon, it fails to allege breach of such contract, which is required to avoid dismissal. *See Access Care MSO, LLC v. Overheiden Law Grp. PLLC*, 2020 WL 1139257, at *4 N.D. Ill. Mar. 9, 2020); *see also Cartwright v. Cooney*, 788 F. Supp.2d 744, 754 (N.D. Ill. 2011). The mere threat of suspension to YR Union's Amazon storefront is not enough to satisfy this element. *See Franklin Cash Reg.*, 2024 WL 2051981, at *7 ("As far as the Court is aware, Franklin Cash is still doing business with Amazon. And if there is

---

[5] Its allegations with respect to Amazon policies stated in the notice in Exhibit A to the FAC should be ignored because—other than Tushbaby's infringement notice—the notice is entirely in Mandarin Chinese without translation. *Delta Tech. Dev. LLC v. BIGJOYS*, 2024 WL 3755929, at *2 (N.D. Ill. Aug. 12, 2024) (declining to consider foreign language evidence without certified translation).

a breach of contract, Franklin Cash has not submitted any contract as evidence or pointed to a particular breached clause."); *see also Leonel & Noel Corp. v. Cent. Beer Imp. & Exp., Inc.*, 2012 WL 266370, at *3 (N.D. Ill. Jan. 30, 2012) (noting that "a tortious interference claim requires a termination of the plaintiff's contract"); *Laser Indus., Ltd. v. Eder Instrument Co.*, 573 F. Supp. 987, 993 (N.D. Ill. 1983) (finding the tortious interference claim failed because there was no evidence of a termination of the contract, let alone the defendant intentionally inducing one).

Notably, YR Union's failure to allege which policies or contracts govern or could govern its relationship (if any) with Amazon cannot be cured: courts have routinely held that Amazon's policies give it leeway to "remove any product on its website." *MercAsia*, 2020 WL 3549894, at *4 (determining that Amazon had complied with its "Intellectual Property Policy for Sellers" and "Services Business Solutions Agreement," which have broad language permitting removal of any product); *Franklin Cash Reg.*, 2024 WL 2051981, at *7; *Leonel & Noel Corp.*, 2012 WL 266370, at *3. Thus, it appears that even if YR Union had sufficiently alleged a contract (and it does not), it would still fail to demonstrate any breach thereof.

Third, even if YR Union could prove a breach of contract, it does not allege that Tushbaby intended to purposely cause Amazon to terminate or suspend YR Union's entire storefront, as is required. *See, e.g.*, *GTC Fin. Servs., Ltd. v. Asset Builders Assocs.*, LLC, 2014 WL 3610989, at *6 (N.D. Ill. July 22, 2014) (noting "none of the particular acts stated allege that the defendants purposely caused a third person not to enter into or continue with prospective contractual relationship," quoting *Parkway Bank & Trust Co. v. City of Darien*, 357 N.E.2d 211, 215 (Ill. App. Ct. 1976)).

And finally, even if YR Union could satisfy all other elements, Tushbaby's infringement notice to Amazon is privileged under Illinois law. That is, Illinois law "recognize[s] a privilege in

[certain tort] cases where the defendant was acting to protect an interest which the law deems to be of equal or greater value than the plaintiff's ... rights." *Milo Enterprises, Inc. v. Bird-X, Inc.*, 2022 WL 874625, at *8 (N.D. Ill. Mar. 24, 2022) (quoting *KMK Grp. LLC v. Helco Corp.*, 2021 WL 4499496, at *1 (N.D. Ill. Aug. 18, 2021) (emphasis in original). Thus, "a party's statement to a third party cannot be the basis for a tortious interference claim if they made that statement in a good faith effort to protect another legal interest, like a trademark interest." *Milo Enterprises*, 2022 WL 874625, at *8.

In *Milo Enterprises*, much like the instant case, Milo argued that the defendant, Bird-X, tortiously interfered with its business relationships with Amazon and Home Depot through trademark infringement notifications. *Id.* There, the court determined that the plaintiff had produced no evidence that Bird-X was "acting with intent to interfere with Milo's business relationships, as opposed to with the intent of protecting its own financial interests." *Id.* (citing *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 375 (7th Cir. 1992) ("Interference designed to protect one's financial interest is generally privileged.")). So too here, YR Union fails.

In the FAC, YR Union lodges conclusory allegations that Tushbaby's infringement notice contained "materially false allegations of trade dress infringement," *see* FAC ¶ 65, and that this was an "improper act[]," *id.* at ¶ 66. But those allegations are insufficient. They are bald legal conclusions without supporting facts and should be ignored. And YR Union cannot explain why the infringement notification was "materially false"—an allegation that must be made under a heightened pleading standard. *See Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLC*, 262 F. Supp. 3d 605, 608–09 (N.D. Ill. 2017). This is especially problematic for YR Union because there is presumption of Tushbaby's trade dress rights through its registration with the U.S. Patent and Trademark Office. *See Publications, Int'l, Ltd.* 164 F.3d at 340. Merely concluding that the

9

infringement notice was "materially false" does not overcome this presumption or the privilege. Instead, the only reasonable conclusion is that Tushbaby alerted Amazon as to its trade dress rights, and Amazon exercised its discretion to remove the listing. Setting aside the lack of any allegation that Amazon violated a contract with YR Union, without allegations of specific intent to harm YR Union—as opposed Tushbaby's enforcement of its rights—there can simply be no claim here. Count III should be dismissed.

### E. Despite an Opportunity to Replead, YR Union's FAC is an Impermissible Shotgun.

Last, as explained in Tushbaby's initial motion to dismiss [ECF No. 11 at 3–4], the Seventh Circuit has "discouraged" pleadings where "each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged are not material to the claim, or cause of action, appearing in a count's heading." *Chriswell v. Vill. of Oak Lawn*, 2013 WL 5903417, at *5 (N.D. Ill. Nov. 4, 2013), a*ff'd sub nom. Chriswell v. O'Brien*, 570 F. App'x 617 (7th Cir. 2014) (citation omitted; alterations in original). "Such pleadings make it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.*

Despite alerting YR Union to these basic pleading requirements and the original complaint's deficiencies, the FAC repeats this cardinal violation. Each count incorporates each and every prior allegation and count, failing to precisely identify which allegations pertain to which cause of action. *See* FAC ¶¶ 20, 51, 61. Because the FAC, like the original complaint, violates the pleading requirements, it must be dismissed.

### III. CONCLUSION

For all these reasons, the Court should grant Tushbaby's motion to dismiss YR Union's Amended Complaint in its entirety.

Dated: January 24, 2025

                                              Respectfully submitted,

*/s/ Leo M. Lichtman*
Leo M. Lichtman (admitted *pro hac vice*)
James M. Slater (admitted *pro hac vice*)
ESCA LEGAL LLC
1117 Sixth Avenue, Fifth Floor
New York, New York 10036
Tel.: (347) 745-2535
leo@esca.legal
james@esca.legal

Allison M. Corder
REDROC IP LLC
150 S. Wacker Drive, Suite 1650
Chicago, Illinois 60606
Tel.: (847) 508-2554
allison@redrocip.com

*Attorneys for Defendant Tushbaby, Inc.*