UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YR Union LLC,<br><br>                *Plaintiff*,<br><br>   v.<br><br>Tushbaby, Inc.,<br><br>               *Defendant*. | **CASE NO.** 24-10276 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

    Plaintiff YR Union LLC ("Plaintiff") by and through counsel, submit this memorandum in opposition to Defendant, Tushbaby, Inc's ("Tushbaby" or "Defendant") Motion to Dismiss [Dkt. 26] ("Motion").

**I.    INTRODUCTION**

    Plaintiff is an Amazon seller, who is selling the baby hip seat carrier ("Accused Product"), baby bottle warmer and many other kinds of products on Amazon, using the storefront name YR Union. *See* Dkt. 21, ¶8. Plaintiff's products are popular and well-established on Amazon platform. *Id*., at ¶9. On October 12, 2024, Plaintiff's Accused Product was removed by Amazon because of Defendant's infringement complaint of its trade dress U.S. Registration No. 7,489,071 ("Tushbaby Trade Dress"). *Id*., at ¶¶11-12.

    On October 13, 2024, Plaintiff filed this litigation against Defendant for declaratory judgment of non-infringement, invalidity and order of cancellation of the Tushbaby Trade Dress. Dkt. 1. On November 15, 2024, Defendant file the motion to dismiss the complaint pursuant to Rule 12(b)(6). Dkt. 11. On December 20, 2024, Plaintiff filed its First Amended Complaint

1

("FAC"). Dkt. 21. On January 24, 2025, Defendant filed this Motion pursuant to Rules 12(b)(1) and 12(b)(6). However, Defendant's Motion is baseless and should be denied. Defendant did not and it cannot dispute that the Accused Product was removed from Amazon.com which caused and is continuing to cause significant damage to Defendant. There is substantial controversy between Plaintiff and Defendant having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Defendant moves to dismiss Count I of the FAC by misplacing the law that Plaintiff cannot seek for cancellation after Defendant initiated an infringement lawsuit. *See* Dkt. 26, p. 4.

Defendant's arguments in support of its Motion to dismiss Plaintiff's non-infringement claim are also meritless. Defendant failed to cite a single precedent to justify the requested dismissal of Plaintiff's non-infringement claim. *See* Dkt. p. 5. While Plaintiff specifically alleges the factors of the likelihood of confusion analysis, Defendant failed to identify any deficiencies in the FAC. Furthermore, Defendant's argument regarding marketplace confusion is both irrelevant and without foundation. Similarly, Defendant's Motion to dismiss Plaintiff's claim for tortious interference with contractual relations also falls short. Defendant has misstated the applicable standards by citing a court ruling on a summary judgment motion in support of its motion to dismiss Plaintiff's FAC. Finally, Defendant's argument regarding shotgun pleadings is equally without merit. It presents nothing more than a conclusory assertion, failing to identify any confusion caused by the alleged impermissible pleadings.

Therefore, Defendant's baseless Motion should be denied.

## II. ARGUMENT

**A. Defendant's Motion to Dismiss for Lack Subject Matter Jurisdiction Should be Denied.**

Defendant's argument that Defendant's "invalidity and cancellation claim cannot exist without antecedent infringement claims" is entirely misplaced the law. A declaratory judgment

2

action may proceed when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

There can be no dispute that a substantial controversy exists between the parties in this case. Here, Plaintiff's Accused Product has been removed from Amazon.com because of Defendant's infringement complaint to Amazon. *See* Dkt. 21, ¶¶11-12. Plaintiff has suffered and continues to suffer significant damages caused by Defendant's enforcement activities. *Id.*, at ¶¶19, 48, 67. Plaintiff is entitled to a declaratory judgment from this Court that the Tushbaby Trade Dress is invalid and Plaintiff does not infringe the Tushbaby Trade Dress. *Id.*, at ¶¶50, 60.

Defendant does not dispute the facts that the Accused Product has been removed by Amazon and Plaintiff's damages caused by its infringement complaint but argues that Plaintiff "fails to satisfy Article III's case or controversy requirement" because there is no underlying infringement lawsuit. *See* Dkt. 26, p. 4. Defendant relies on two cases to support its argument; however, both are distinguishable from the present litigation and do not provide support for Defendant's position.

In the *RLP Ventures* case, the Court dismissed plaintiff's claims for cancellation defendant's trademark because all of the other claims sought by plaintiff were dismissed by the court based on issue preclusion. *RLP Ventures, LLC v. All Hands Instruction NFP*, No. 19 C 3276, 2020 WL 1330376, at *4 (N.D. Ill. Mar. 23, 2020). This case differs in that Plaintiff's listing was removed due to Defendant's infringement complaint, and Plaintiff has asserted a claim for non-infringement of the Tushbaby Trade Dress against Defendant. *See* Dkt. 21, ¶¶51-60. Plaintiff has

satisfied the requirement that district courts have the power to cancel registrations in an "action involving a registered mark." 15 U.S.C. § 1119.

In the *CIBER* case, plaintiff voluntarily dismissed its trademark infringement "claims with prejudice, which would bar any suit based on defendants' current or past use of the 'CIBER' mark," thus, the Court determined that "[i]n the absence of such an infringement suit, or the threat of such a suit, there is no justiciable case or controversy," and dismissed defendants' counterclaims for cancellation. *CIBER, Inc. v. CIBER Consulting, Inc.*, 326 F. Supp. 2d 886, 889 (N.D. Ill. 2004). In this case, Defendant has not withdrawn its infringement complaint against Plaintiff, nor has it provided any assurance that it will refrain from filing additional infringement complaints. Therefore, a substantial controversy remains between the parties.

It is well established that that "a suit for trademark infringement… or a 'case of actual controversy' referred to in the Declaratory Judgment Act," can serve as a basis for the Court's jurisdiction to cancel a registration. *Windsurfing Int'l, Inc. v. AMF, Inc.*, 828 F.2d 755, 758–59 (Fed.Cir.1987). Plaintiff has failed to cite any precedent supporting the notion that a competitor can only seek cancellation in an infringement lawsuit initiated by the owner. In this case, Defendant has sufficiently demonstrated the substantial controversy between the parties and established subject matter jurisdiction to challenge the validity and seek the cancellation of the Tushbaby Trade Dress.

Therefore, Plaintiff's Motion to dismiss Court I of the FAC should be denied.

**B. Defendant Failed to Present Any Basis to Dismiss Plaintiff's Non-infringement Claim.**

Defendant's argument that Plaintiff fails to demonstrate a claim for non-infringement also falls short. To survive a motion to dismiss for failure to state a claim, the "complaint must contain enough factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible "when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 578. Although "[d]etailed factual allegations" are not required, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a motion to dismiss pursuant to Rule 12(b)(6), the court should take all of the factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 578.

Here, Defendant failed to identify any deficiencies of Plaintiff's allegations but merely conclusory stated that the Seventh Circuit employs a multifactor test of which the similarity of the marks is merely one factor. *See* Dkt. 26, p. 5. However, Defendant does not, and it also cannot present any basis for its argument that Plaintiff should allege all the factors in the complaint since no single factor is dispositive. *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015). To the contrary, Plaintiff has sufficiently plead these factors of the non-infringement claim in the FAC. Plaintiff has specifically alleged that the Accuse Product is not similar to the Tushbaby Trade Dress, Dkt. 21, ¶¶55-56; the Tushbaby Trade Dress is weak, *Id*, at ¶¶20-50, 54; Plaintiff's intent to use, *Id*, at ¶57; the degree of care consumers are likely to use, *Id*, at ¶58. Therefore, Plaintiff's claim for non-infringement has been sufficiently pleaded.

Defendant's argument that Plaintiff's comparison is flawed due to a failure to consider the marketplace is wholly without merit. Defendant cited several cases arguing that Plaintiff does not allege the confusion in the marketplace, but none of the cases are binding or even relevant to its Motion. *See* Dkt. 26, pp. 5-6. Defendant failed to present a single basis in support its argument that Plaintiff should allege the "initial interest," "post-sale confusion" and the others in the claim for non-infringement of the trade dress in its non-infringement complaint. Defendant also failed to

5

present any basis in support its arguments the complaint should be dismissed for failure to address these so-called "confusion in the marketplace."

Therefore, Defendant's Motion to dismiss Count II of the FAC should be denied.

**C. Plaintiff Has Sufficiently Plead the Claim for Tortious Interference with Contractual Relations.**

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To support a claim for tortious interference with contractual relations, a plaintiff must show: "(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of the contract; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's conduct; and (5) damages." *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 454 (7th Cir. 2012).

Plaintiff has pleaded the existence of a valid and enforceable contract between the Plaintiff and Amazon. Plaintiff alleges that it is an Amazon seller and sells the Accused Product on Amzon.com platform. *See* Dkt. 21, ¶8. There is no doubt that Plaintiff has valid and enforceable contract relationships with Amazon to sell its products on Amazon.com. Furthermore, Defendant is fully aware of Plaintiff's contractual relationships with Amazon, as it also operates a store on Amazon.com.

Pursuant to the contract between Amazon and Plaintiff, Amazon should facilitate Plaintiff's ability to list its products on the platform. Defendant is well aware that submitting an

infringement complaint to Amazon against Plaintiff will result in the delisting of Plaintiff's products. Defendant still intentionally submitted the baseless infringement complaint against Plaintiff to Amazon resulting in Amazon delisting of Plaintiff's Accused Product. *Id*., at ¶¶11-12. Moreover, Amazon has also informed Plaintiff that if Plaintiff cannot resolve this matter in requested time, Plaintiff's account will be suspended, and its inventory of the Accused Product will be removed. *See* Dkt. 21-1, p. 7.

Further, there is no doubt that Plaintiff has suffered and continues to suffer significant damage for being unable to sell the Accused Product via Amazon because of Defendant's infringement complaint. *See* Dkt. 21, ¶¶16-19. Therefore, Plaintiff has given Defendant fair notice of what the claim is and the grounds upon which it rests under Rule 8(a)(2).

Defendant argues that the court in *Milo Enterprises* "determined that plaintiff had produced no evidence that Bird-X was 'acting with intent to interfere with Milo's business relationships.'" *See* Dkt.26, p. 9. However, this is case that the court's ruling on party's motion for summary judgment, which has entirely different standards. *Milo Enterprises, Inc. v. Bird-X, Inc*., No. 18 C 6315, 2022 WL 874625, at *1 (N.D. Ill. Mar. 24, 2022). The cited authority further weakens Defendant's arguments in the context of a Rule 12(b)(6) motion to dismiss.

Thus, Defendant's Motion to dismiss Count III of the FAC should be denied.

**D. Defendant's Argument Regarding Shotgun Pleading Is Meritless.**

Defendant argues that the FAC is impermissible shotgun pleadings where for each count incorporating each and every prior allegation and count. *See* Dkt. 26, p. 10. However, the mere fact that a complaint's counts incorporate by reference each of the preceding factual allegations does not make the complaint an impermissible shotgun pleading, so long as the complaint adequately puts the defendants on notice of the claims against them. *United States Sec. & Exch. Comm'n v. Winemaster,* 529 F. Supp. 3d 880, 907 (N.D. Ill. 2021) (ciring *Weiland v. Palm Beach*

*Cty. Sheriff's Off.*, 792 F.3d 1313, 1324–25 (11th Cir. 2015); *Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *5 (N.D. Ill. Sept. 24, 2013)). "What is impermissible ... is grouping multiple defendants together and failing to set out which of the defendants made which of the fraudulent statements/conduct." *Id* (citing *SEC v. Bardman*, 216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2016)). Inartful clumping can create confusion when, for example, it is unclear what allegations apply to which defendants. *Uldrych v. Village of Merrionette Park*, 2020 WL 7714213, at *1 n.1 (N.D. Ill. 2020)

Here, there is only one defendant in this case, and the format of the FAC does not prevent the Court from reviewing the sufficiency of each count." *SEC v. Ustian*, 229 F. Supp. 3d 739, 778 (N.D. Ill. 2017). Aside from the baseless and conclusory claim that the FAC is an impermissible shotgun pleading, Plaintiff has failed to demonstrate any confusion resulting from the FAC. Plaintiff did not even allege that it is prevented from reasonably being able to prepare a response or simply make the burden of doing so more difficult. *Douglas v. Alfasigma USA, Inc.*, No. 19-CV-2272, 2021 WL 2473790, at *8 (N.D. Ill. June 17, 2021). Incorporating prior allegations by reference isn't particularly problematic when everyone understands what the plaintiff is alleging. *Id.*, at *9. After all, Rule 10(c) expressly authorizes a "statement in a pleading" to be "adopted by reference elsewhere in the same pleading." *See* Fed. R. Civ. P. 10(c).

Therefore, Defendant's Motion should be denied.

### III.   CONCLUSION

Based on the forgoing reasons, Defendant's Motion to dismiss should be denied

| Date: February 7, 2025 | /s/ Wei Wang |
|---|---|
| | Wei Wang, Esq.<br>GLACIER LAW LLP<br>41 Madison Avenue, Suite 2529<br>New York, NY 10010 |

8


wei.wang@glacier.law
212-729-5073

***Attorney for Plaintiff***

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this February 7, 2025, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: February 7, 2025                                    /s/ Wei Wang
                                                                            Wei Wang